Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| Courtney Poniewaz,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST CALL RESOLUTION, LLC dba<br>FCR; NICHOLAS (aka "NICK") CHASE,<br>an individual,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**Claims for Pregnancy Discrimination and<br>related Retaliation, under Title VII of the<br>Civil Rights Act of 1964 (Title VII), 42<br>U.S.C. § 2000e et seq. (as amended by the<br>Pregnancy Discrimination Act (PDA));<br>Retaliation under 29 U.S.C. §§ 207, 215(a)<br>of the Fair Labor Standards Act<br>(FLSA) (as amended by the Patient<br>Protection and Affordable Care Act<br>("PPACA")); and related State law<br>claims (ORS 659A.029, 659A.030, 659A.885)**<br><br>**(Demand for Jury Trial)** |

_____

Plaintiff alleges:

PRELIMINARY STATEMENT

1.

    Plaintiff Courtney Poniewaz (hereinafter referred to as "plaintiff") alleges employment

Page 1 of 12 – COMPLAINT

discrimination in the form of disparate treatment, failure to accommodate pregnancy-related

conditions, and hostile environment harassment based on pregnancy discrimination; and

retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as

amended by the Pregnancy Discrimination Act (PDA); retaliation under 29 USC  29 USC §§

207, 215(a) of the Fair Labor Standards Act (FLSA) (as amended by the Patient Protection and

Affordable Care Act ("PPACA")); and related claims under state law (ORS 659A.029,

659A.030, and 659A.885). The allegations set forth below apply to "all times relevant" without

regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 USC

§ 1331, which gives district courts original jurisdiction over civil actions arising under the

Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over

plaintiff's state law claims pursuant to 28 USC § 1367. Plaintiff's state law claims are so closely

related to her federal law claims that they form part of the same case or controversy under

Article III of the United States Constitution.

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving

rise to this complaint occurred in Lane County, Oregon. Plaintiff is a resident of Lane County,

Oregon. Defendant First Call Resolution, LLC (hereinafter referred to as "FCR") is an Oregon

domestic limited liability company with its principle place of business located in Douglas

County, Oregon. Defendant Nicholas (aka "Nick") Chase (hereinafter referred to as "Chase") is

Page 2 of 12 – COMPLAINT

an individual who (upon information and belief) resides in Lane County, Oregon.

4.

At all times relevant, FCR employed plaintiff at its call center in Veneta, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Lane County.  Chase acted as plaintiff's supervisor.

## FACTUAL ALLEGATIONS

5.

Plaintiff timely filed discrimination charges with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC). Plaintiff received a right-to-sue letter from each entity and timely filed suit within the 90-day limitations period set forth therein. Plaintiff has exhausted her administrative remedies under state and federal law.

6.

FCR employed 15 or more individuals for each working day during each of 20 or more calendar workweeks during each year of plaintiff's employment with FCR. FCR is an employer subject to the requirements of Title VII and state anti-discrimination and anti-retaliation laws. Moreover, FCR employed 50 or more employees during the entirety of plaintiff's employment. FCR is an employer subject to the requirements of 29 USC  29 USC §§ 207(r), 215(a) of the Fair Labor Standards Act (FLSA) (as amended by the Patient Protection and Affordable Care Act ("PPACA")). Plaintiff was an employee entitled to the protections of each of these laws.

7.

Plaintiff was hired by FCR in or around July, 2014. For the duration of her employment she held the position of Incoming Call Representative.

Page 3 of 12 – COMPLAINT

8.

Plaintiff found out that she was pregnant sometime around late August, 2014.

9.

At the time plaintiff found out she was pregnant, she was near the end of a two-week training that would have allowed her to advance in her employment with FCR. She immediately informed FCR of her pregnancy and was summarily removed from the training. As a result, plaintiff was denied the opportunity to advance.

10.

As a result of her pregnancy, plaintiff suffered from gestational diabetes, bladder infections, and urinary tract infections. Gestational diabetes required plaintiff to adhere to a regular eating schedule, which FCR effectively refused to accommodate. More specifically, plaintiff was told to come to work at her requested time – which she would do – but then plaintiff would be written up for an attendance "occurrence" anyway.  This would eventually lead to discipline.  Similarly, plaintiff's pregnancy and related infections caused an increase in the frequency of urination, which FCR refused to accommodate and for which plaintiff was disciplined.

11.

As a result of plaintiff's pregnancy and related conditions, it was necessary for plaintiff to schedule and attend doctors' appointments. FCR generally resisted plaintiff's attempts to enforce FCR's duty to accommodate the need for such appointments, and engaged in conduct apparently designed to frustrate plaintiff's attempts to schedule and attend them. On several occasions, plaintiff would request time off for her pregnancy-related doctors' appointments, and FCR would

Page 4 of 12 – COMPLAINT

simply fail to respond. Plaintiff would then attend these appointments, and the absences would later be counted against plaintiff's attendance record - eventually leading to discipline.

12.

FCR failed to make reasonable accommodations to allow plaintiff to either breastfeed or express milk. FCR failed to provide a reasonable break time for plaintiff to express breast milk for her newborn child. FCR also failed to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, for plaintiff's use to express breast milk. Instead of providing these legally required accommodations, FCR punished plaintiff for taking breaks to express breastmilk and opposing FCR's discriminatory practices and failure to accommodate her pregnancy-related needs.

13.

As a result of plaintiff's pregnancy, opposition to pregnancy-based discrimination, opposition to FCR's failure to provide reasonable break times and an appropriate location for the expression of breastmilk, and her opposition to FCR's failure to accommodate her pregnancy-related doctor's appointments and need to more frequently visit the restroom, plaintiff was subject to increased scrutiny, denied the use of vacation time, denied the opportunity for advancement, subjected to discipline, constructively discharged, and generally subjected to disparate treatment. FCR was openly hostile towards plaintiff's pregnancy.

14.

FCR's discriminatory and retaliatory conduct was encouraged and enabled by defendant Chase. He exploited his position as plaintiff's supervisor at FCR in order to help FCR accomplish the discriminatory and retaliatory actions described herein, and encouraged and aided in facilitating FCR's discriminatory and retaliatory actions.

Page 5 of 12 – COMPLAINT

15.

FCR's and Chase's ongoing open hostility, disparate treatment, failure to accommodate pregnancy-related conditions, and hostile work environment all culminated in plaintiff's constructive discharge on or about September 15, 2015.

## FIRST CLAIM –TITLE VII DISCRIMINATION

### Against Defendant FCR

**(Count 1 – Discrimination on the Basis of Gender– Disparate Treatment)**

16.

Plaintiff incorporates and re-alleges paragraphs 1 through 15 by this reference. Pursuant to 42 USC § 2000e-2(a), "it shall be an unlawful employment practice for an employer" to discharge an individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . ."

17.

Defendant FCR violated this statute when it subjected plaintiff to disparate treatment based on her status as a pregnant female, disciplined and constructively discharged her on that basis, and thereby adversely affected the compensation, terms, conditions and/or privileges of her employment.

18.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 2000e-5(k).

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

**(Count 2 – Discrimination on the Basis of Gender – Harassment)**

19.

Plaintiff incorporates and re-alleges paragraphs 1 through 18 by this reference. Defendant FCR further violated 42 USC § 2000e-2(a), when it subjected plaintiff to offensive and unwelcome conduct based on her status as a pregnant woman, conduct which was sufficiently severe and/or pervasive to constitute a hostile work environment and thereby alter the terms and conditions of her employment - culminating in plaintiff's discipline and constructive discharge.

20.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 2000e-5(k).

**(Count 3 – Retaliation for Opposing Discrimination on the Basis of Gender)**

21.

Plaintiff incorporates and re-alleges paragraphs 1 through 20 by this reference. Pursuant to 42 USC § 2000e-3(a), "it shall be an unlawful employment practice for an employer to discriminate against any [of the employer's] employees… because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."

22.

Defendant FCR violated this statute when it subjected plaintiff to disparate treatment and harassment in retaliation for opposition to discrimination based on her status as a pregnant

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

female, disciplined and constructively discharged her on that basis, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

23.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 2000e-5(k).

## SECOND CLAIM – RETALIATION IN VIOLATION OF FLSA

### (Count 1 – Retaliation for Opposition to Violation of FLSA Section 7(r))

24.

Plaintiff incorporates and re-alleges paragraphs 1 through 23 by this reference. Section 7(r)(1) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) provides:

"An employer shall provide—

A.      a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and

B.      a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk."

25.

Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

Defendant FCR violated this statute when it subjected plaintiff to disparate treatment, hostile environment harassment, discipline, and constructive discharge for lodging internal complaints opposing FCR's failure to comply with Section 7(r)(1). Pursuant to Section 216(b) of the FLSA,

Page 8 of 12 – COMPLAINT

plaintiff is entitled to lost wages, liquidated damages in an amount equal to lost wages, front pay,

compensatory damages, pre-judgment interest, and reasonable attorney's fees.

### THIRD CLAIM – STATE LAW DISCRIMINATION/RETALIATION VIOLATIONS

#### Against All Defendants

**(Count 1 – Discrimination on the Basis of Gender – Disparate Treatment)**

26.

Plaintiff incorporates and re-alleges paragraphs 1 through 25 by this reference. According

to ORS 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer,

because of an individual's race, color, color, sex, sexual orientation, national origin, marital

status or age if the individual is 18 years of age or older, . . . to refuse to hire or employ or to bar

or discharge from employment such individual [or] . . . to discriminate against such an individual

in compensation or in terms, conditions, or privileges of employment."

27.

Defendants FCR and Chase violated this statute when they subjected plaintiff to disparate

treatment based on her status as a pregnant female, disciplined and constructively discharged her

on that basis, and thereby adversely affected the compensation, terms, conditions and/or

privileges of her employment.

28.

As a result of the aforementioned gender discrimination, plaintiff requests equitable relief

and economic damages, including back pay, benefits, and front pay, in an amount to be

determined at trial, along with compensatory and punitive damages in an amount to be

determined at trial.

29.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

Pursuant to ORS 659A.885, plaintiff is entitled to reasonable attorney fees and costs in this action.

**(Count 2 – Discrimination on the Basis of Gender – Harassment)**

30.

Plaintiff incorporates and re-alleges paragraphs 1 through 29 by this reference. Defendants FCR and Chase further violated ORS 659A.030(1)(a) and (b) when they subjected plaintiff to offensive and unwelcome conduct based on her status as a pregnant female, conduct which was sufficiently severe and/or pervasive to constitute a hostile work environment and thereby alter the terms and conditions of plaintiff's employment – culminating in plaintiff's discipline and discharge.

31.

As a result of the aforementioned gender discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

32.

Pursuant to ORS 659A.885, plaintiff is entitled to reasonable attorney fees and costs in this action.

**(Count 3 – Retaliation for Opposition to Gender Discrimination)**

33.

Plaintiff incorporates and re-alleges paragraphs 1 through 32 by this reference. According to ORS 659A.030(1)(f) it is an unlawful employment practice for an employer to "discharge, expel or otherwise discriminate" against any person who has opposed any unlawful employment

Page 10 of 12 – COMPLAINT

practice, or has "filed a complaint, testified or assisted in any proceeding" under ORS chapter 659A or "has attempted to do so."

34.

Defendants FCR and Chase violated this statute when they subjected plaintiff to disparate treatment and harassment in retaliation for her opposition to discrimination based on her status as a pregnant female, disciplined and constructively discharged her on that basis, and thereby adversely affected the compensation, terms, conditions and/or privileges of her employment.

35.

As a result of the aforementioned retaliation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

36.

Pursuant to ORS 659A.885, plaintiff is entitled to reasonable attorney fees and costs in this action.

WHEREFORE, Plaintiff demands the following for her claims for relief which is more specifically set forth under the various claims above:

1.    First Claim for Relief – against FCR:

A.    Count 1: Economic and non-economic damages in an amount to be determined at trial, back pay, front pay, compensatory, and punitive damages provided by law, in addition to any other equitable relief as the Court deems fit.  Plaintiff seeks her costs and reasonable attorney fees pursuant to 42 USC § 2000e-5; 42 USC § 1988.

B.    Count 2: Economic and non-economic damages in an amount to be determined at trial, back pay, front pay, compensatory, and punitive damages provided by law, in addition to any other equitable relief

Page 11 of 12 – COMPLAINT

as the Court deems fit.  Plaintiff seeks her costs and reasonable attorney fees pursuant to 42 USC § 2000e-5; 42 USC § 1988.

C.  Count 3: Economic and non-economic damages in an amount to be determined at trial, back pay, front pay, compensatory, and punitive damages provided by law, in addition to any other equitable relief as the Court deems fit.  Plaintiff seeks her costs and reasonable attorney fees pursuant to 42 USC § 2000e-5; 42 USC § 1988.

2.  Second Claim for Relief – against FCR:

A.  Count 1: lost wages, liquidated damages in an amount equal to lost wages, front pay, compensatory damages, pre-judgment interest, and reasonable attorney's fees and costs pursuant to 29 USC § 216(b).

3. Third Claim for Relief – against FCR and Chase:

A.        Count 1: Economic damages in an amount to be determined at trial and back pay, in addition to any other equitable relief as the Court deems fit.  Plaintiff requests her costs and reasonable attorney fees pursuant to ORS 659A.885.

B.        Count 2: Economic damages in an amount to be determined at trial and back pay, in addition to any other equitable relief as the Court deems fit.  Plaintiff requests her costs and reasonable attorney fees pursuant to ORS 659A.885.

C.        Count 3: Economic damages in an amount to be determined at trial and back pay, in addition to any other equitable relief as the court deems fit.  Plaintiff requests her costs and reasonable attorney fees pursuant to ORS 659A.885.

        DATED this 5th day of July, 2016.


                                        /s/ Jon H. Weiner
                                        Jon H. Weiner, OSB #993944
                                        jweiner@nw-attorneys.com
                                        1415 Commercial St SE
                                        Salem, OR 97302
                                        Tel: (503) 399-7001
                                        Fax: (503) 399-0745
                                        Of Attorneys for Plaintiff

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745